(No. 996—Claimant awarded $605.00.)

TULLY HALTERMAN, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

RESPONDEAT SUPERIOR—*State not liable for injuries sustained by its employees.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* As an act of social justice and equity an award may be made an employee who is injured while in the discharge of his duty although there may be liability existing against the State.

RUSSELL E. TOWNSEND, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case in which the claimant was, at the time of his employment, an employee of the State of Illinois. The evidence in the case is substantially as follows:

The claimant on the 7th day of December, 1925, was employed by the State of Illinois at the Illinois Southern Hospital for the Insane, at Anna, Illinois, as a laborer, and while so employed he was under the order and direction of B. H. Elkins, a steamfitter for and at said State institution. The claimant and Elkins, together with a patient employee were engaged in the rebuilding of a steam radiator; that about 9:30 o'clock on the day of injury these workmen had completed the rebuilding of the radiator, had detached same from the testing water pressure pipes used in that test; that the radiator when empty weighed about 405 pounds and when filled with water weighed about 550 pounds. The patient employe had, after making the test, tilted the radiator for the purpose of draining the water, when so tilted the radiator became overbalanced and fell over on its side to the concrete floor of the machine shop, in which these men were employed. When the claimant saw that the radiator was going to fall he attempted to catch it in order to keep it from falling on the cement floor and breaking, and in so doing claimant's right hand caught between the radiator and the concrete floor and was badly crushed, bruised and otherwise injured. That because of said injury it became necessary to amputate the first phalange and one-half of the second phalange of each of the second and third

fingers of said right hand, causing a permanent and complete loss of each of said fingers, and his hand has become permanently disfigured.

The Attorney General has filed a demurrer, which, as a matter of law, will be sustained. The Attorney General admits in his statement herein filed that, if this claimant were working for a private individual, he would be entitled to compensation under the Workmen's Compensation Act.

As a matter of law, the State would not be liable, but we believe that as a matter of equity, good conscience and social justice an award should be made. We therefore allow the claimant the sum of $605.00.